Argued January 24, affirmed February 14, 1977

CUMMINGS et al, *Appellants,*
*v.*
LAWSON et al, *Respondents.*
(No. 84301, CA 6665)
559 P2d 1316

Ralph W. G. Wyckoff, Salem, argued the cause and filed the brief for appellants.

Robert Engle, Woodburn, argued the cause for respondents. On the brief was James D. Fournier, Mt. Angel.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

The city of Woodburn enacted an ordinance approving, subject to conditions, the outline plan submitted by a developer for a planned unit development. The plan encompassed 57 acres of which only 16 acres lay within the city limits. The project is to be developed in five separate phases, the first phase encompassing only the property within the city limits. On writ of review the petitioner contended among other things that the entire ordinance is void because it exercises jurisdiction beyond the city's boundaries and is not severable. The lower court sustained the ordinance and petitioner appeals the jurisdictional issue.

The city argues that the approval of the outline plan is conceptual only, is not an exercise of jurisdiction over land outside the city limits and "is by necessity conditional upon annexation before final approval of such plan is given." There is nothing, however, in the ordinance to indicate that annexation is a condition to final approval.

In any event the city has jurisdiction over that portion of the project within its boundaries. Any act of approval by the city beyond its jurisdiction has no effect and certainly does not preclude any other governmental body from exercising whatever jurisdiction they may have over the project. Rational planning dictates that the city consider the entire project. It is certainly within the city's jurisdiction to consider the plan in conjunction with possible annexation. Furthermore, it would appear that consideration of the entire project is consistent with ORS 227.110 which provides:

"(1) All subdivision plats and all plats or deeds dedicating land to public use in that portion of a county within six miles outside the limits of any city shall first be submitted to the city planning commission or, if no such commission exists, to the city engineer of the city and approved by the commission or engineer before they shall be recorded.

"(2) It shall be unlawful to receive or record such plan, plat or replat or deed in any public office unless the

same bears thereon the approval, by indorsement, of such commission or city engineer. * * *"

Affirmed.